■ In the Matter of the CITY OF NEW YORK, Appellant, v VERNOR CHRISTIANSEN et al., Respondents, and BEACON CITY SCHOOL DISTRICT, Intervenor-Respondent. — In proceedings pursuant to article 7 of the Real Property Tax Law to review tax assessments on certain real property owned by the City of New York in the Town of Wappinger, the city appeals from an order of the Supreme Court, Dutchess County (Burchell, J.), entered August 4, 1980, which denied the petitioner's motion for partial summary judgment exempting from taxation a standby water induction processing and pumping facility, the function of which is to draw water from the Hudson River, partially purify it and force it into the aqueduct system. Order reversed, on the law, without costs or disbursements, and motion granted. Pursuant to subdivision 4 of section 406 of the Real Property Tax Law, the aqueduct system of the City of New York is

exempt from taxation. In its motion for partial summary judgment, the city sought an exemption for a standby water induction facility known as the Hudson River Pumping Station. The function of the facility is to draw water from the Hudson River, partially purify it, and deposit it in the aqueduct system by means of a pump. Special Term decided that the term aqueduct, in the context of the statute, referred "to the volume and pressure regulated delivery system by means of which water is conducted from the 1956 square miles of upstate watershed and storage areas containing approximately 573 billion gallons at capacity to holding facilities in the environs of New York City." Thus it denied the exemption for the pumping facility. We cannot agree with this determination. As used in the statute, the term aqueduct is not restricted. It merely refers to a conduit conveying quantities of water. This definition encompasses the Hudson River Pumping Station which conveys water from its source, the Hudson River, to the Delaware aqueduct by means of gravity and pressure created by the pump. With respect to the contention that subdivision 4 of section 406 of the Real Property Tax Law is unconstitutional, we note merely that the intervenor school district has no standing to challenge the constitutionality of an act of the State Legislature which restricts its governmental powers (see *Town of Black Brook v State of New York,* 41 NY2d 486). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.